UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Chapter 7

Kimberly Faye Brown,                                            Case No. 15-44526

      Debtor.                                                   Hon. Phillip J. Shefferly
_____/

**ORDER DENYING DEBTOR'S MOTION FOR
TURNOVER OF GARNISHED FUNDS AND REQUEST FOR SANCTIONS**

On March 24, 2015, the Debtor filed this Chapter 7 case. On May 21, 2015, the Debtor filed a motion ("Motion") (ECF No. 15) for turnover of garnished funds and for sanctions. On June 5, 2015, Midland Funding LLC ("Creditor") filed a response (ECF No. 17). On June 26, 2015, the Court held a hearing. At the conclusion of the hearing, the Court took the Motion under advisement.

The Motion alleges that the Creditor issued a writ of garnishment pre-petition to collect on a pre-petition judgment against the Debtor. The Motion further alleges that during the 90 days before the Debtor's bankruptcy case, there were four separate checks issued for garnishments of the Debtor's wages. The Motion seeks to avoid the transfers of the garnished wages under § 522(h) of the Bankruptcy Code because the Debtor has claimed an exemption in them, the transfers are avoidable by the Chapter 7 trustee under § 547 of the Bankruptcy Code, and the trustee has not attempted to avoid them.

The Creditor concedes that there were four checks issued pursuant to the writ of garnishment. The Creditor further concedes that the first three of those checks were all received by the Creditor and cashed prior to the date that the Debtor filed her Chapter 7 petition. However, the Creditor

alleges that the fourth check, in the amount of $175.08 and dated March 23, 2015, was not received by the Creditor until March 25, 2015, the day after the Debtor filed her Chapter 7 bankruptcy petition. The Creditor alleges that because this last check was received post-petition, the Creditor did not cash the check, did not receive the funds represented by it, and returned the check to the Debtor. This is significant, according to the Creditor, because the total of the three checks that were received and cashed during the preference period is only $534.99. As a result, the Creditor argues that under § 547(c)(8) of the Bankruptcy Code, it has a complete defense to the Motion because the aggregate value of all of the property transferred to the Creditor is less than $600.00.

The Debtor counters that even though the fourth check was admittedly received by the Creditor post-petition and was never cashed by the Creditor, nonetheless that check too constitutes a pre-petition transfer to the Creditor. According to the Debtor, the amount of that check should be added to the amount of the other three checks received by the Creditor. That would bring the total of all four checks to $710.07, which is in excess of the statutory minimum set forth in § 547(c)(8). As a result, the Debtor argues that § 547(c)(8) does not apply and she is entitled to avoid the transfer of all $710.07 of her wages to the Creditor.

The dispute between the Debtor and the Creditor turns on the question of whether the fourth check, dated March 23, 2015 but received post-petition and not cashed by the Creditor, constitutes a pre-petition transfer to the Creditor. After reviewing the cases cited by the Debtor and the Creditor, the Court concludes that the Creditor has the better argument.

Under § 547(b) of the Bankruptcy Code, only a "transfer of an interest of the debtor in property" may be avoided. Section 101(54)(D) of the Bankruptcy Code states that a "transfer" means "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing

of or parting with – (i) property; or (ii) an interest in property." In Barnhill v. Johnson, 503 U.S. 393 (1992), the United States Supreme Court considered *when* a transfer takes place where payment is made by ordinary check. It held that "for the purposes of payment by ordinary check, . . . a 'transfer' as defined by § 101(54) occurs on the date of honor, and not before." Id. at 400.

In the present case, the fourth check dated March 23, 2015 was never honored and the Creditor never received the $175.08 of funds represented by that check. The Debtor does not dispute those facts. However, despite those facts, the Debtor argues that because she had *earned* the garnished wages pre-petition, then a transfer of the garnished funds necessarily occurred pre-petition. The Court disagrees. Barnhill controls this case. Barnhill fixes the date that a transfer occurs where payment is made by ordinary check: the date the check is honored. To be sure, the cases cited by the Debtor do hold that a transfer of property is not made until a debtor has acquired rights in the property transferred. That is also what § 547(e)(3) provides. In context of this case, that means that there could not have been a transfer of funds to the Creditor at least until the moment when the Debtor had acquired rights in the garnished wages – in other words, not before the Debtor had earned them. No argument here. But just because the Debtor earned the wages pre-petition does not necessarily mean that the garnished wages were transferred to the Creditor pre-petition. Since the Creditor was being paid the garnished wages by means of a check, then the transfer to the Creditor could not and would not occur until the check was honored. Since the fourth check was indisputably not honored pre-petition, the funds represented by that check were not transferred to the Creditor pre-petition.

The Debtor offers no persuasive reason to the Court why Barnhill does not control the outcome in this case. The Court holds that the fourth check, in the amount of $175.08 dated

March 23, 2015, did not constitute a pre-petition transfer of the Debtor's property to the Creditor. The check was received post-petition and was returned post-petition. Therefore, for purposes of quantifying the amount of the transfers of the Debtor's property to the Creditor within the 90 days before bankruptcy, the Court does not include the amount of this fourth check. That means that the aggregate of the pre-petition transfers of the Debtor's property is $534.99. Because that sum is less than the statutory minimum under § 547(c)(8), the Chapter 7 trustee in this case could not have avoided the transfer of the garnished wages to the Creditor and, therefore, neither may the Debtor under § 522(h). Accordingly,

**IT IS HEREBY ORDERED** that the Motion is denied.

.

**Signed on June 26, 2015**

                                      **/s/ Phillip J. Shefferly**
                                      **Phillip J. Shefferly**
                                      **United States Bankruptcy Judge**